

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Bert Ford, Administrator
Texas Liquor Control Board
Austin, Texas

Dear Sir:

Opinion No. O-4567
Re: Texas Liquor Control Act,
Section 15, Article I —
Package Store Permits may not
be legally issued to corporations
where the true owner of a major-
ity of the stock of the corpora-
tion is an alien and related matter.

Your request for opinion has been received and care-
fully considered by this department. We quote from your request
as follows:

"In Re: The Beaumont Package Store, Inc., Beaumont,
Texas.

"An investigation of the above named corporation
reveals the following facts:

"Charter was issued to this corporation December 7,
1935. 40 shares of stock valued at $50.00 per share were
subscribed and paid in. One M. J. (Mike) Cawley, an alien,
actually paid in cash for the full amount of the stock sub-
scribed by persons other than himself. Said M. J. Cawley
designated the persons in whose name the stock was issued.
From each such person he obtained a personal note repre-
senting the value of such stock subscribed. In turn each
person in whose name stock was issued executed an instrument
reading as follows:

"'I, the undersigned, do hereby acknowledge that the
share or shares of the capital stock of the Beaumont Package
Store, which are now standing in my name are being held by
me in trust for Mike J. Cawley, and that he, the said Mike J.
Cawley, is the true and equitable owner thereof.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Subsequent to the original issuance of stock, such stock has been transferred from time to time to persons designated by the said M. J. Cawley under the same procedure as outlined above. In each instance, upon transfer of stock from one person to another, the note executed by the original holder of the stock is automatically cancelled. Such notes given by holders of stock are not paid or reduced from the principal amount. The said 40 shares of stock are at the present time held by persons under the same conditions and same agreements as reflected hereinabove.

"By resolution of the Board of Directors of the Corporation, M. J. (Mike) Cawley has been, and continues to be, the General Manager of all five package stores since the creation of the corporation. By corporate resolution the said M. J. (Mike) Cawley is the only person authorized to draw checks on the corporate account maintained in the First National Bank of Beaumont, Texas. Also by corporate resolution M. J. (Mike) Cawley is authorized and empowered to negotiate loans in the name of the corporation and to pledge the assets of the said corporation as collateral therefor.

"Section 16, Article I, of the Texas Liquor Control Act in parts reads as follows:

"'No permit shall be issued to a corporation unless the same be incorporated under the laws of the State and unless at least fifty-one per cent (51%) of the stock of the corporation is owned at all times by citizens who have resided within the State for a period of three years and who possess the qualifications required of other applicants for permits.'

"Considering the above quoted excerpt from the Texas Liquor Control Act and all facts and circumstances related hereinabove, we shall appreciate your valuable opinion on the following two questions:

"1. Is the Beaumont Package Store, Inc., legally qualified to apply for and obtain a package store permit.

"2. Are the package store permits currently held by the Beaumont Package Store, Inc., subject to revocation?"

Section 18 of Article 666, Vernon's Annotated Texas Penal Code, reads as follows:

"No person who has not been a citizen of Texas for a period of three (3) years immediately preceding the filing of his application therefor shall be eligible to receive a permit under this Act. No permit shall be issued to a corporation unless the same be incorporated under the laws of the State and unless at least fifty-one (51%) per cent of the stock of the corporation is owned at all times by citizens who have resided within the State for a period of three years and who possess the qualifications required of other applicants for permits; provided, however, that the restrictions contained in the preceding clause shall not apply to domestic corporations, or to foreign corporations that were doing business in this State under charter or permit prior to August 24, 1935. Partnerships, firms, and associations applying for permits shall be composed wholly of citizens possessing the qualifications above enumerated. Any corporation (except carrier) holding a permit under this Act which shall violate any provision hereof, or any rule or regulation promulgated hereunder, shall be subject to forfeiture of its charter and it shall be the duty of the Attorney General, when any such violation is called to his attention, to file a suit for such cancellation in a District Court of Travis County. Such provisions of this section as require Texas citizenship or require incorporation in Texas shall not apply to the holders of agent's, industrial, medicianll and carrier's permits. Acts 1935, 44th Leg., 2nd C. S., p. 1795, ch. 467, Art. 1, §18."

We quote from 10 Texas Jurisprudence, §49, Corporations, pages 648-649:

"Where the fiction of corporate entity is contradicted by the facts of the case, it may be disregarded and the liability of the parties adjudicated according to the actual facts. In particular, the court may disregard the fiction where the facts show that the corporation did not exist except as to the shadow of the personality of an individual. Facts that are persuasive to overcome or displace the fiction of corporate entity appear where it

Hon. Bert Ford, Administrator
Page 4

   If shown that the corporate organization is illegally
conducted, that regular corporate procedure has not been
followed, or that corporate and individual transactions
have not been distinct. It is well settled that courts
may ignore the fiction of corporate entity in order to
circumvent fraud."

   We quote from 10 Texas Jurisprudence, 050, Corpora-
tions, pages 651-2 and 3:

   ". . . A stockholder who is practically sole owner
of a corporation and treats it as his alter ego may be
held individually responsible for all corporate transactions
under the law of agency. . .  In particular, a controlling
stockholder is apt to be identified with the corporation
where corporate assets have been treated by him as if they
were his individual property. . .  Obviously, one may not
claim the advantages and at the same time repudiate the
responsibilities of the corporate form of organization. . .
In short, while the corporate form of organization of a
business is available to a one-man concern, — and with
it the principle of limited liability,— the affairs of
the corporation must be conducted in a legitimate way,
and neither individual nor corporate creditors will be
deprived of their just rights by a shuffling of the legal
personalities of the corporation and its controller . . ."

   Section 18 of Article 666, Vernon's Annotated Texas
Penal Code, prohibits the granting of a permit to a corporation
where 51% of its stock is not owned by citizens of Texas who
have resided in Texas for a period of three years immediately
preceding the filing of his application for permit. This sec-
tion applies to all corporations not doing business in this
State under charter or permit prior to August 24, 1935.

   The facts stated in your letter reveal that the
corporation mentioned in your letter was chartered December 7,
1935, which was subsequent to August 24, 1935; that the true
owner of the stock of the corporation is an alien.

   The Texas Liquor Control Board or its administrator
is authorized to cancel or suspend liquor permits, after notice
and hearing, and in the manner outlined by the Texas Liquor
Control Act, whenever, among other things, the permittee has

violated any provision of the Texas Liquor Control Act or has
made any false or misleading representation or statement in
his application for permit. (See subdivisions 2 and 3 of Sec-
tion 12 of Article 666, Vernon's Annotated Texas Penal Code.)
The term "permittee" with reference to a violation of the Texas
Liquor Control Act covers and includes the owner or owners of
the majority of the corporate stock of a corporation. (See
subdivision 12 of Section 12 of Article 666, Vernon's Annotated
Texas Penal Code.)

Under the facts stated in your letter it is our
opinion:

1. Your first question should be answered in the
negative, and it is so answered.

2. Your second question should be answered in the
affirmative, and it is so answered.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          *Wm. J. Fanning*

Wm. J. Fanning
Assistant

WJF:AM

APPROVED MAY 21, 1942

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN